CASE 106—ACTION BY F. M. POWERS AGAINST J. F. OSBON, COUNTY JUDGE, FOR SERVICES AS COUNTY ASSESSOR.—OCTOBER 20.

# Powers v. Osbon.

APPEAL FROM MENIFEE CIRCUIT COURT—J. E. COOPER, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

ASSESSORS—COMPENSATION—ASSESSMENTS—COMMISSION ON EXEMPT PROPERTY.

Const. secs. 170, 712, provide that certain personal property shall be exempt from taxation, and that all property not exempt shall be assessed for taxation. Ky. St. 1903, sec. 4052, provides that all taxable estate shall be assessed, etc., and sections 4053 and 4056 provide for the valuation by the assessor and the taxpayer of property subject to taxation. Section 4070 fixes the compensation of assessors, based upon the total assessed value of property listed by them and requires the certification of the amount due the assessor upon the total valuation of the assessment for taxation. HELD, that an assessor is not entitled to a commission upon property which is exempt from taxation.

T. L. CAUDEL AND B. F. DAY & SON, ATTORNEYS FOR APPELLANT.

We submit that in fixing the amount due the county assessor for his services in making the annual assessments of the property of the county for taxation, he is entitled to four and one-half per cent. commission on the one hundred dollars of the entire property

Powers v. Osbon.

in the county where the total valuation does not exceed one million dollars, out of which nothing is to be deducted for the exempted property.  Ky. Statutes, secs. 2584, 4070, 4071; Acts 1902, p. 237.

J. F. OSBON, ATTORNEY FOR APPELLEE.

'Our contention is that under the law, $250 in value of personal property is exempt from taxation to every house keeper with a family, and that the county assessor is entitled to a commission only on the taxable property, and not on the property that is exempt by the statute.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, F. M. Powers, assessor of Menifee county, presented his claim for services as assessor to the county court in June, 1903, in which he stated that the total assessed value of the property listed by him as shown by his tax-books, after they had been corrected by the supervisors of the county, as of the 15th of September, 1902, aggregated $766,094, and claimed that there was due to him for this assessment $344.74, and asked that this sum, with certain additional allowances for reporting births, deaths, and marriages, less the 20 per cent. required to be retained by the statute, should be certified to the Auditor of Public Accounts for payment.  The county court refused to certify his claim, on the ground that there was embraced in the total valuation on which he claimed commissions the personal property exempted by law to persons with families, which aggregated $176,581, leaving a balance for taxation of only $589,513, and they offered to certify a claim in favor of appellant for 4½ per cent. commissions on this sum, which he refused to accept, and thereupon instituted this suit against the Menifee county court and Osbon, county judge, praying that Osbon should be compelled to allow and certify his claim to the auditor for the full amount claimed by him, including the

exempt property which had been included in the assessment made by him. His claim was disallowed by the lower court, and his petition dismissed, and he has appealed.

The question presented (apparently for the first time) by the appellee is whether an assessor under the Constitution and statutes is entitled to be paid a commission upon property which is not liable for taxation. By section 170 of the Constitution, "household goods and other personal property of a person with a family, not exceeding $250.00 in value, and crops grown in the year in which the assessment is made, in the hands of the producer," are exempted from taxation. And section 172 of the Constitution provides that "all property not exempted from taxation by this Constitution  .  .  . shall be assessed for taxation." Pursuant to these constitutional provisions, section 4020 of the Kentucky Statutes of 1903 defines the property subject to taxation unless exempt by the Constitution, and section 4052 reads as follows: "All taxable estate shall be assessed and valued as of the 15th of September in the year listed, and the person owing or possessing the same on that date shall list it with the assessor and remain bound for the taxes notwithstanding he may have sold or parted with the same." By these provisions only taxable property is required to be assessed. Sections 4053 and 4056 of the statutes provide for the valuation by the assessor and the taxpayer of property subject to taxation with the value thereon on the 15th of September of the year for which the lease is given, and such other facts as may be required in blanks to be thereafter provided. Section 4070 fixes the compensation of assessors based upon the total assessed value of property listed by him as shown by his taxbook, and requires the certification of the amount due the assessor to the auditor based upon the total valuation of the assessment for taxation. It is clear

from these sections of the Constitution and Statutes that appellant was only entitled to commissions upon property assessed by him which was actually liable to taxation, and does not include commissions upon any property which is exempt by the Constitution or Statutes. While an assessor may be required to ascertain facts in connection with the property of the county for statistical purposes outside of his duty as assessor, there seems to be no provision made by law for compensating him for services of this character. To this category perhaps belongs the ascertainment of exempt property set apart to citizens. We are therefore of the opinion that the circuit judge properly refused to allow a commission upon the value of the exempt personal property reported by the assessor, or to require a certification thereof by the county court.

For reasons indicated, the judgment is affirmed.